UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN L. SMITH, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 21-10290-ADB |
| | * |
| MEREDITH K. LOBUR, et al., | * |
| | * |
| Defendants. | * |
| | * |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

Pretrial detainee Steven L. Smith brings this *pro se* action against the Provincetown Chief of Police, Provincetown Detective Meredith K. Lobur, and the Provincetown Town Manager, alleging that the defendants are responsible for an allegedly illegal criminal prosecution against him. For the reasons set forth below, the Court will dismiss this action.

**I.     Background**

In his complaint [ECF No. 1], Smith claims that Detective Lobur arrested him without just cause in 2018, has not adequately investigated his case, has withheld exculpatory evidence, and has committed perjury. Smith also "blames [Lobur]'s supervisors and the township for letting her loose like a rabid pit bull to sic on citizens." Compl. at 20. Smith seeks compensatory and punitive damages. He also seeks leave to proceed *in forma pauperis*.

Smith later filed a motion [ECF No. 7] to add other persons—his defense attorneys and persons involved in the issue of Smiths competency—as parties to this action. Smith claims that his attorney is not only failing to act in his best interests, but he is purposefully jeopardizing Smith's defense and cooperating with the prosecution. Smith asks that the Court order that the

proposed defendants "cease and desist." *Id.* He states that he "wishes to exert [his] constitutional right to represent [him]self." *Id.* Smith filed a second motion [ECF No. 9] in which he asks that this Court enter an injunction to allow Smith to represent himself. Smith represents that the matter is urgent because his attorney is planning to file a motion to dismiss that Smith characterizes as "an effort to relieve the Commonwealth and Lobur from their *malicious misconduct* and *wanton disregard for [his] my civil rights*." *Id.* at 13. Smith also filed a supplement [ECF No. 10] to his motion for an order allowing him to represent himself in the state court proceeding.

On March 17, 2021, Smith filed a motion [ECF No. 11] asking the Court to require Barnstable County Jail officials to provide him enough paper suitable to use for court filings, to make copies of documents, and to ensure that Smith receive legal documents that were in his possession at the Berkshire County Jail.

## II.   Discussion

### A.   *Younger* Abstention

Upon review of the complaint and motions, the Court concludes that it must abstain from exercising jurisdiction over all claims related to Smith's current prosecution. "Abstention is a devise designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." *Coggeshall v. Mass. Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted). Under *Younger* abstention, *see Younger v. Harris*, 401

U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall*, 604 F.3d at 664 (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)). *Younger* abstention is even appropriate where litigants "claim violations of important federal rights," *In re Justices of Superior Ct. Dept. of Mass. Trial Ct.,* 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved *somewhere* in the state process" *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Here, the Court would "needlessly inject" itself in a pending state proceeding if it were to consider whether Lobur has withheld exculpatory evidence or committed perjury, other defendants have failed to supervise Lobur, or Smith's attorney is acting improperly. The Court has no reason to believe that the Smith will not have an opportunity to raise all pertinent issues within the state court system, whether in front of the trial court or on appeal.

B.   **False Arrest**

Notwithstanding the above, the Court could adjudicate a claim for false arrest without needlessly injecting itself into the pending state prosecution. An allegedly false arrest ends once the victim it held pursuant to legal process, "when, for example he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution." *Id.* at 390.[1]  Damages for a false arrest claim "cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be

---

[1] Notably, a claim for malicious prosecution is not cognizable unless and until the criminal proceedings have been terminated in favor of the party alleging malicious prosecution. *See id.* at 392.

based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Id.* (quoting William Lloyd Keaton, et al., *Prosser and Keeton on Law of Torts* § 11, p. 54, § 119, p. 888 (5th ed.1984)).

Here, it is unclear whether Smith is attempting to bring a claim for false arrest, which, by definition, could concern only the defendants' alleged misconduct up until the point that Smith was bound over by a magistrate or arraigned on charges. Considering the complaint as a whole, however, it appears that Smith's focus is the pending prosecution rather than the fact of an initial detention. If Smith wishes to pursue a claim for false arrest, he may do so by filing a separate complaint (and paying the filing fee). The dismissal of this action will not work as a bar to that claim. The Court notes that, however, that any success on a false arrest claim would not invalidate the pending prosecution against Smith.

### C. Access to the Courts

Smith's claims in his most recent motion concerning access to paper, copies, and legal materials could be construed as a claim for lack of access to the courts. Any such claims must be brought as a separate action (with a separate filing fee). The Barnstable County Jail officials are not defendants to this action, and their alleged misconduct is not sufficiently related to Smith's present claims to permit joinder of claims or defendants. *See* Fed. R. Civ. P. 18, 20.

### III. Conclusion

In accordance with the foregoing, the Court hereby orders that the pending motions be terminated and that this action be DISMISSED. No filing fee is assessed.

| | |
|---|---|
| March 18, 2021 | /s/ Allison D. Burroughs |
| DATE | UNITED STATES DISTRICT JUDGE |